IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HACKEL,

                      Plaintiff,                                    OPINION AND ORDER

    v.

                                                                  12-cv-642-wmc

NATIONAL FEEDS, INC., OHIO
CASUALTY INSURANCE CO.,
UNITED PET FOODS, INC., and
CINCINNATI INSURANCE CO.,

                      Defendants,

NATIONAL FEEDS, INC., and OHIO
CASUALTY INSURANCE CO.,

                      Cross Claimants and Cross Defendants,

    v.

UNITED PET FOODS, INC., and
CINCINNATI INSURANCE CO.,

                      Cross Defendants and Cross Claimants.

---

        On Monday, the court granted plaintiff Jon Hackel's motion to quash defendant United Pet Foods, Inc.'s notice of a December 19, 2013, deposition of Hackel because it plainly fell outside of the discovery deadline. (Dkt. #154.) The court granted that motion before defendant's response deadline of today, December 13, 2013. United now files a motion for reconsideration -- in which National joins -- explaining its basis for noticing a second deposition of the plaintiff. (Dkt. ##156, 162.) For the reasons provided below, the court will deny this motion, although Hackel will be required to supplement his responses to explain the apparent difference in the number of kit deaths

claimed in response to Interrogatory Nos. 25 and 26 in his unsigned October 22, 2013, response as compared to his November 17, 2013, signed response.

## BACKGROUND

As best as the court can discern from the parties materials, and relying heavily on United's own rendition of events, the relevant timeline is as follows:

- May 2013: Hackel responds to defendants' discovery requests, which include questions about his damages. He objects to a number of these requests as being part of expert disclosures, which were not due at that time. Defendants do not move to compel.

- June 19, 2013: Hackel sits for his deposition from 9:09 a.m. to 6:29 p.m.

- August 2, 2013: Hackel produces his expert damages report (Behr) and an expert report from his veterinarian (Hildebrandt).

- August 21, 2013: Behr sits for his deposition.

- October 22, 2013: Hackel produces unsigned responses to United's second set of discovery responses and attached his hand-written calendar notations, etc.[1]

- October 30, 2013: Hildebrandt sits for his deposition.[2]

- November 17, 2013: Hackel produces signed responses to United's second set of discovery responses. These responses appear to be the same as the unsigned ones *except*, as United points out, Hackel changes the number of kit deaths in 2010 and 2011 in response to Interrogatory Nos. 25 and 26 from 590 and 380 (in the unsigned version) to 1442 and 1084. Hackel provides no documentary support for this change.

---

[1] United does not provide the date on which its second set of discovery requests were served and, therefore, the court has no basis for discerning whether the Hackel's October 22, 2013, response was timely, but again United brought no motion challenging the timeliness or completeness of these responses.

[2] Hildebrandt and Behr's depositions apparently raised some questions about Hackel's statistics, records of mink deaths, etc.

- November 29, 2013: United sends a long email to Hackel's counsel providing a laundry list of damage issues in the case and stating flatly that developments in the case necessitate the "resumption of Hackel's deposition."

- November 29, 2013: United notices Hackel's deposition for December 19, 2013, purporting to include Rule 34 requests.

- December 4, 2013: Hackel's counsel responds that he will not produce Hackel for a "resumption of his deposition."

- December 6, 2013: Discovery closed per preliminary pretrial conference order.

- December 6, 2013: Hackel moves to quash the deposition subpoena.

- December 9, 2013: The court grants Hackel's motion.

## OPINION

In brief, United contends:

1. The parties agreed to extend the discovery deadline in the preliminary pretrial conference order of December 6, 2013, to December 20, 2013, to accommodate Hackel's deposition of experts and, therefore, the December 19, 2013, noticed deposition falls within the discovery period.

2. The requested damages discovery is necessary because of Hackel's untimely responses to United's second set of discovery requests.

3. At the time of Hackel's June 19, 2013, deposition, defendants did not have access to his farm data to question him about damages (namely, mink deaths).

4. A second deposition is necessary to ask Hackel about his own, handwritten documents, which were not produced until October 22, 2013.

Assuming the parties extended the deadline to December 20, 2013, it is apparent they did so narrowly to accommodate defendants' experts and counsel's schedules, not to

reopen discovery for all purposes. Even if this were the intent, Hackel's December 19, 2013, deposition would be his second deposition and United did not move for leave as required by Rule 30(a)(2)(A)(ii) and responses to his Rule 34 requests would still be due after the extended discovery deadline. In short, United's notice is both untimely and barred by rule.

The court could construe the motion for reconsideration as a motion for leave under Rule 30. From the timeline of events provided above, however, the only arguable reason for granting United relief is to address the new kit death numbers for 2010 and 2011 in Hackel's signed November 17, 2013, responses to United's second set of discovery responses. To the extent Hackel's May 2013 responses were inadequate or his October 22, 2013, document production was indecipherable, defendant should have moved for relief from this court at that time. Neither claimed inconsistencies or concerns about Hackel's expert reports or earlier depositions provide a basis for a second deposition of Hackel, nor do the apparent discrepancies between Hackel's signed and unsigned interrogatory responses.

The court will require Hackel to supplement his responses by December 19, 2013, to explain the *basis* for this change *and* to provide any documentation in support, including all underlying data to the extent not already provided. To the extent there remains any inexplicable inconsistency, Hackel will have to live with this at trial. Since defendant seeks further explanation, however, Hackel will be required to provide it.

ORDER

IT IS ORDERED that:

1) defendants United Pet Foods, Inc. and Cincinnati Insurance Company's motion for reconsideration of the court's order granting plaintiff's motion to quash (dkt. #156) is DENIED; and

2) plaintiff Jon Hackel is required to supplement his responses to United's second set of discovery requests as explained above on or before December 19, 2013.

Entered this 13th of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge