IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JOHN HACKEL,

                     Plaintiff,                                ORDER

   v.

                                                            12-cv-642-wmc

NATIONAL FEEDS, INC., OHIO
CASUALTY INSURANCE CO.,
UNITED PET FOODS, INC., and
CINCINNATI INSURANCE CO.,

                     Defendants,

NATIONAL FEEDS, INC., and OHIO
CASUALTY INSURANCE CO.,

                     Third party Plaintiffs

   v.

UNITED PET FOODS, INC., and
CINCINNATI INSURANCE CO.,

                     Third Party Defendants.
_____

Today, defendant National Feeds filed a motion in limine "regarding plaintiff's presentation of expert opinions on damage." (Dkt. #201.) Motions in limine were due on December 6, 2013. Inexplicably, National attempts to justify this late submission by pointing to its *co-defendant* United's supplemental expert report on damages filed December 31, 2013. National contends that this report "delineates an approach to damages in this case that is so closely aligned with the Wisconsin precedents regarding recoverable damages in mink loss cases, it presents the Court with more than a differing view or 'battle with Plaintiff's economist, Dr. Michael Behr. Rather, it signals that an evidentiary moment under Fed. R. Ev. 403 where the presentation [of] Plaintiff['s] expert opinions that stray

from these Wisconsin precedents present a legitimate danger for jury confusion, prejudice or time/resources waste." (National's Mot. (dkt. #201) 9.)

Even assuming this is so, National offers no reason, nor can the court discern a reason, why either defendant could not have brought a challenge to plaintiff's expert by the December 6, 2013, deadline. Certainly, it would appear that the claimed double counting inherent in and potential for confusion resulting from plaintiff's expert's August 2, 2013, "ROVC" damage analysis -- both of which National now asserts are inconsistent with 1965 and 1967 Wisconsin court holdings on allowable damages -- could have and should have been brought in a timely motion. National fails to offer any basis -- let along good cause -- for allowing this untimely motion. Accordingly, that motion is denied and plaintiff's expert will be allowed to opine, subject to cross-examination, possible curative instruction or directed verdict.

ORDER

IT IS ORDERED that defendants motion in limine (dkt. #201) is DENIED.

Entered this 7th day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge