IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HACKEL,

                Plaintiff,

v.

NATIONAL FEEDS, INC., OHIO
CASUALTY INSURANCE CO.,
UNITED PET FOODS, INC., and
CINCINNATI INSURANCE CO.,

                Defendants,

NATIONAL FEEDS, INC., and OHIO
CASUALTY INSURANCE CO.,

                Cross Claimants,

v.

UNITED PET FOODS, INC., and
CINCINNATI INSURANCE CO.,

                Cross Defendants.

OPINION AND ORDER

12-cv-642-wmc

---

Defendant National Feeds, Inc. objects to the inclusion of questions concerning plaintiff's misrepresentation claims on the liability special verdict form, arguing that these claims are barred by the economic loss doctrine. (Dkt. #212.) These arguments really amount to a very late motion to reconsider its summary judgment decision since the court rejected them at that time. Regardless, the court will reject them again here.

*First*, as to National's challenge to plaintiff's position that the economic loss doctrine does not apply to plaintiff's statutory misrepresentation claim under Wis. Stat. § 100.18, recent case law reaffirms the Wisconsin Supreme Court's holding in *Kailin v. Armstrong*, 2002 WI App 70, ¶¶ 42-43, 252 Wis. 2d 676, 643 N.W.2d 132. In *Kailin*,

the supreme court explained the distinction between this statutory claim and a common law misrepresentation claim as follows:

> The legislature has plainly chosen in § 100.18 to provide protection and remedies for false advertising that do not exist at common law. The underpinnings of the economic loss doctrine—protecting parties' freedom to allocate economic risk by contract, encouraging the purchaser to assume, allocate, or insure against that risk, and maintaining the fundamental distinction between tort and contract law—are either irrelevant to, or inconsistent with, that legislative choice.

*Id.* at ¶ 42.[1]

In response, National argues that a more recent case -- *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, 283 Wis. 2d 555, 699 N.W.2d 205 -- somehow alters the holding in *Kailin*. As National acknowledges, *Kaloti* does not overrule *Kailin*. Instead, the Wisconsin Supreme Court explained an exception to *common law* misrepresentation claims in *Kaloti*. 2005 WI ¶¶ 12, 27 (noting common law intentional misrepresentation claim at issue and deciding whether economic loss doctrine barred that claim). Again, however, there is no indication that such a common law exception should apply to a statutory claim created by the Wisconsin Legislature like plaintiff's § 100.18 claim since the economic loss doctrine does not apply in the first instance to statutory remedies any more than to those created by contract. On the contrary, the Wisconsin Supreme Court reaffirmed its holding in *Kailin* in a more recent opinion, which actually post-dates *Kaloti*. *See Below v. Norton*, 2008 WI 77, ¶ 42, 310 Wis. 2d 713, 751 N.W.2d 351 (explaining

---

[1] While the jury instructions and verdict form label plaintiff's claim as "intentional misrepresentation," the claim is a § 100.18 claim as described in the instructions.

that the economic loss doctrine "still leaves statutory and contractual remedies available where misrepresentation occurred," discussing plaintiff's § 100.18 claim); *see also Shister v. Patel*, 2009 WI App 163, ¶ 7 n.5, 322 Wis. 2d 222, 776 N.W.2d 632 (citing *Kailin* and *Below*).[2]

*Second*, National argues that all of plaintiff's misrepresentation claims should be dismissed because they do not fall within the fraudulent inducement exception to the economic loss doctrine. (National's Br. (dkt. #212) 4-5.) This argument is something of a strawman, because plaintiff never argued and need not demonstrate that his negligent misrepresentation claim falls within the fraudulent inducement exception. Instead, plaintiff argued and the court found that a genuine issue of material fact exists as to whether *all* of plaintiff's tort claims fall within the damage to other property exception to the economic loss doctrine. National offers no support for its implicit argument that *both* exceptions must apply for plaintiff to proceed on his negligent misrepresentation claim, nor can the court articulate a cogent argument why this should be so. Assuming that the jury finds that no reasonable farmer would have foreseen the risk of injury alleged here, plaintiff's negligent misrepresentation claim falls outside of the economic loss doctrine, without the need to consider whether it *also* survives because of the fraudulent inducement exception.

---

[2] National's other issues with plaintiff's § 100.18 claim concern whether the claim was made to the public. As discussed extensively in the court's summary judgment opinion, this is an issue for the jury, and the jury instructions describe the public statement element as a necessary finding for National to be found liable. (*See* 12/9/13 Op. & Order (dkt. #155) 27-28.)

ORDER

IT IS ORDERED that defendant National Feeds, Inc.'s challenges to plaintiff's misrepresentation claims are rejected. The court will provide instructions to the jury on these claims and the special verdict form will ask the jury to assess liability as to these two claims.

Entered this 10th of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge